UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shonna Heuer Schroeder,

                        Plaintiff,

                                                  Civ. No. 10-4238 (RHK/FLN)
                                                  **ORDER**

v.

First National Collection Bureau, Inc.,

                        Defendant.

---

Thomas J. Lyons, Lyons Law Firm, P.A., Vadnais Heights, Minnesota, and Trista M. Roy, Consumer Justice Center PA, Vadnais Heights, Minnesota, for Plaintiff.

James R. Bedell and Michael S. Poncin, Moss & Barnett, PA, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this putative class action, Plaintiff Shonna Heuer Schroder asserts that Defendant First National Collection Bureau, Inc. ("FNCB"), a debt collector, sent her and other similarly situated individuals a letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] FNCB has moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

Sometime prior to July 2010, Schroeder incurred consumer debt by making

---

[1] Schroeder also asserts other (non-class) claims regarding telephone communications she received from FNCB (Am. Compl. ¶¶ 14-15), but those claims are not presently at issue.

charges on her Premier Bankcard Visa credit card.  (Compl. ¶¶ 6-7.)  Her debt was sold to Jefferson Capital Systems LLC, which in turn retained FNCB to collect the balance she owed.  (Id. ¶¶ 7-8.)

On July 19, 2010, FNCB sent Schroeder the first of two letters now at issue, which is attached to the Amended Complaint as Exhibit 1.  The letter offered Schroeder the option to settle her outstanding debt, totaling $180.00, for "[a] 50% discount payable in 2 payments of $45.00."  The settlement offer went on to provide: "Each payment within 30 days of the previous payment."  At the bottom of the letter were two payment coupons Schroeder could detach and mail with her payments.  The first coupon was designated "1 OF 2," and the second "2 OF 2," and each set forth the payment amount ($45.00) and the mailing address.  Additionally, the first coupon did not specify a due date, but the second provided "DUE: 30 DAYS AFTER 1ST PAYMENT."

On August 13, 2010, FNCB sent Schroeder a second letter, which is attached to the Complaint as Exhibit 2.  This letter is identical to the first, containing the same settlement offer and payment coupons.

Two months later, Schroeder commenced the instant action, alleging (among other things) that the letters described above violated the FDCPA.  In particular, she contends that the letters contain unclear, contradictory due dates that mislead consumers as to when the second payment is due if they wish to take advantage of the settlement offer. She asserts this claim on behalf of herself and other similarly situated consumers whom she believes received the same letter.  FNCB has now moved for judgment on the

pleadings on this claim, arguing that its letters, based on their undisputed text, are not misleading and do not violate the FDCPA.

## STANDARD OF REVIEW

A motion for judgment on the pleadings should be granted only when the pleadings pose no material issues of fact and the moving party is entitled to judgment as a matter of law. E.g., Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009); Syverson v. FirePond, Inc., 383 F.3d 745, 749 (8th Cir. 2004). The Court must accept as true all well-pleaded facts by the non-moving party, and all reasonable inferences must be construed in the non-movant's favor. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

## ANALYSIS

### I. The FDCPA generally

The FDCPA is designed to protect consumers from abusive debt-collection practices. In pertinent part, it provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt . . .

15 U.S.C. § 1692e, e(10). The Act also provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Eighth Circuit has instructed courts to employ an "unsophisticated-

consumer" standard when analyzing FDCPA claims. E.g., Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (quoting Duffy, 215 F.3d at 874). Hence, the unsophisticated-consumer standard "protects the uninformed or naive consumer," but it also includes "an objective element of reasonableness," which ensures that debt collectors remain free "from liability for peculiar interpretations of collection letters." Strand, 380 F.3d at 318; accord, e.g., Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 955 (8th Cir. 2006).

## II. The statute applied here

The parties agree about the letters' contents but disagree on the legal implications of those contents under the FDCPA. In such a situation, the Court confronts a question of law that may be resolved on a Rule 12(c) motion. See, e.g., Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002); Brill v. Fin. Recovery Servs., Inc., No. 4:10-CV-3121, 2010 WL 5825480, at *3-4 (D. Neb. Nov. 10, 2010) (collecting cases).[2]

As noted above, Schroeder argues that FNCB's letters violated the FDCPA because the language used to communicate the due date of the second payment was

---

[2] In her Opposition, Schroeder baldly asserts (without citation to authority) that "[o]n numerous occasions, courts have turned to juries to establish whether a collections letter would mislead the unsophisticated consumer." (Mem. in Opp'n at 3.) "But the Eighth Circuit has rejected the notion that courts cannot determine FDCPA violations as a matter of law." Adams v. J.C. Christensen & Assocs., Inc., --- F. Supp. 2d ---, 2011 WL 1195788, at * 4 n.1 (D. Minn. Mar. 28, 2011) (citing Peters, 277 F.3d at 1055-57; Gonzalez v. Kay, 577 F.3d 600, 609-10 (5th Cir. 2009) (Jolly, J., dissenting) (recognizing the majority view that "application of the unsophisticated consumer standard to the language of a debt collection letter is a question of law"); Brill, 2010 WL 5825480, at *3-4).

4

misleading, thereby violating the general proscription against "false" or "misleading" representations in Section 1692e and e(10). Specifically, she contends that the letter's text (providing the payment was due "within 30 days" of the first payment) and the language on the second payment coupon (providing the payment was due "30 days after" the first payment) actually reflect different due dates, and this contradiction is misleading. In her view, "[r]eading these two statements together, it is not clear which day is 'Day 1' for the purposes of calculating the final day by which the second payment must be made" in order to take advantage of the settlement offer. (Mem. in Opp'n at 4.)

The Court cannot agree with Schroeder's creative interpretation. It is standard practice to count a given number of days beginning with the day after the initial day. For example, if the second payment were due "within one day of the first payment," it would be due the day following the first payment, not the same day as the first payment. A common-sense reading of "due within 30 days" yields a due date 30 days in the future. The two statements of the due date in FNCB's letters are thus not contradictory or misleading absent a "peculiar interpretation." E.g., Strand, 380 F.3d at 318.[3]

Moreover, even if the phrase "within 30 days" somehow made it unclear "which day is 'Day 1,'" as Schroeder suggests, the due date specified on the payment coupon

---

[3] Schroeder relies upon Dutton v. Wohlar, 809 F. Supp. 1130, 1141 (D. Del. 1998), to argue that where language is susceptible to two plausible interpretations, the least sophisticated consumer "is not charged with gleaning the more subtle of the two interpretations." (Mem. in Opp'n at 5-6 (citing Dutton).) In this Court's view, however, the phrase "within 30 days" is not susceptible to two *plausible* interpretations. Interpreting "within 30 days" to contradict the due date "30 days after" is not plausible; it is a "bizarre or idiosyncratic interpretation" of the letter, and thus cannot give rise to an FDCPA violation. E.g., Peters, 277 F.3d at 1055 (citations omitted). Furthermore, Dutton is distinguishable from the instant case because the ambiguous statement in Dutton was not clarified elsewhere in the communication, as is the due date here.

5

does not contradict this language but instead clarifies it. "Language in a debt-collection letter cannot be viewed in isolation; the letter must be viewed 'as a whole' to determine whether it runs afoul of the FDCPA." Adams v. J.C. Christensen & Assocs., Inc., --- F. Supp. 2d ---, 2011 WL 1195788, at * 2 (D. Minn. Mar. 28, 2011) (citing Jones v. CBE Grp., Inc., 215 F.R.D. 558, 566 (D. Minn. 2003) (Doty, J.)); accord Peters, 277 F.3d at 1056 (ambiguous term in debt-collection letter did not violate FDCPA where remainder of letter clarified term's meaning). Here, the statement "DUE: 30 DAYS AFTER 1ST PAYMENT" clarifies that "within 30 days" means 30 days *after* the first payment, not within a 30-day period *inclusive of* the date of the first payment. Read as a whole, the letters are not misleading.

The Court concludes that the hypothetical "unsophisticated consumer" would not be misled or deceived by FNCB's letters. Accordingly, the pleadings fail to establish a violation of the FDCPA on that basis, and FNCB is entitled to judgment as a matter of law on Schroeder's claims arising from the letter.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that FNCB's Motion for Partial Judgment on the Pleadings (Doc. No. 26) is **GRANTED**, and the Class Allegations in Schroeder's Amended Complaint (Doc. No. 12, ¶¶ 24-30) and any claims arising from the collection letters attached to the Amended Complaint are **DISMISSED WITH PREJUDICE**.

Dated: July 21, 2011                                s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge